IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

FILED
NOV 10 2010
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, BUTTE

LORELEI SOANES,

Plaintiff,

v.

CAROLINA CASUALTY INSURANCE COMPANY and BIG SKY ADJUSTERS, INC., a Montana Corporation,

Defendants.

Cause No. CV 10-46-BU-RWA

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On June 22, 2010, Plaintiff Lorelei Soanes ("Soanes") filed this action in the Montana Second Judicial District Court, Silver Bow County against Defendants Carolina Casualty Insurance Company and Big Sky Adjusters, Inc., alleging both statutory bad faith insurance practices under Mont. Code Ann. ("MCA") §§ 33-18-201(4) and 201(6) and common law bad faith insurance practices. Soanes' claims arise from alleged settlement practices employed by Defendants following an automobile accident that occurred in December of 2005, in Butte, Montana.

Soanes resides in Edmonton, Alberta and is a citizen of Canada. Defendant Carolina Casualty Insurance Company is an Iowa corporation conducting business in Montana. Carolina Casualty Insurance Company is owned by WR Berkley Corporation, a Connecticut corporation. Defendant Big Sky Adjusters, Inc. is a Montana corporation.

1

Carolina Casualty Insurance Company filed a Petition for Removal to U.S. District Court and a Notice of Removal on September 8, 2010. Big Sky Adjusters, Inc. filed a joinder to the Petition for Removal on September 20, 2010. Soanes filed her pending Motion for Remand and Brief in Support thereof on September 23, 2010, arguing the Defendants' Petition for Removal must be remanded to state court because the Petition for Removal was not timely and violates the forum defendant rule. Soanes also requests an award of her attorney's fees and costs. Defendants oppose Soanes' Motion for Remand arguing that this Court could have exercised original diversity jurisdiction, that the notice of removal was timely filed and that the forum defendant rule does not defeat this Court's jurisdiction because Big Sky Adjusters, Inc. consents to and joins in the removal of the case to this Court and was fraudulently joined.

Separate and apart from the statute conferring diversity jurisdiction, 28 U.S.C. § 1332, 28 U.S.C. § 1441(b) limits removal on the basis of diversity to instances where no defendant is a citizen of the forum state. In discussing the forum defendant rule, the Ninth Circuit Court of Appeals explains:

> A civil action brought in a state court over which federal courts have original jurisdiction may be removed by the defendant to the appropriate district court. 28 U.S.C. § 1441(a). However, § 1441(b) imposes a limitation on actions removed pursuant to diversity jurisdiction: "such action [s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). This "forum defendant" rule "reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state." Erwin Chemerinsky, *Federal Jurisdiction* § 5.5, at 345 (4th ed.2003).
>
> It is thus clear that the presence of a local defendant at the time removal is sought bars removal. 28 U.S.C. § 1441(b).

*Spencer v. U.S. Dist. Court for Northern Dist. Of Ca.*, 393 F.3d 867, 870 (9th Cir. 2004). *See*

*also, Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006).

The complete diversity requirement of the forum defendant rule, however, does not apply in instances where a defendant is fraudulently joined to an action. In order to prove fraudulent joinder, a defendant must prove that "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious, according to the settled rules of the state...." *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir.2003) (citing *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987)).

Carolina Casualty Insurance Company contends Soanes fraudulently joined Big Sky Adjusters, Inc. for the sole purpose of defeating diversity jurisdiction. In support of such contention, Carolina Casualty argues that Big Sky Adjusters, Inc. cannot be liable under Count I of Soanes' Complaint because §§ 33-18-201(4) and (6), MCA, only apply to insurers. Carolina Casualty next argues that Soanes fails to plead the necessary elements for a common law bad faith claim against Big Sky Adjusters, Inc.

This Court finds that Count II of Soanes' Complaint clearly contains a short, plain and sufficient statement of her claims against Carolina Casualty Insurance Company and Big Sky Adjusters, Inc. Soanes' Complaint gives adequate notice to the Defendants of the facts which Soanes maintains support her claim of common law bad faith practices. Such claims against an adjuster have long been recognized under Montana law. *O'Fallon v. Farmers Ins. Exchange*, 260 Mont. 233, 243, 859 P.2d 1008, 1014 (1993). Defendants' claim that the fraudulent joinder exception applies in this case must fail. This matter must be remanded to state court. Whether Carolina Casualty Insurance Company's notice of removal was timely need not be resolved given the Court's ruling that remand is required under the forum defendant rule.

3

Having determined that remand is appropriate, the Court next addresses Plaintiff's request for attorney fees and costs. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The purpose and objective of § 1447(c) was discussed in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41, 126 S.Ct. 704, 711, 163 L.Ed.2d 547 (2005):

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.
>
> In light of these " 'large objectives,' " [*Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754, 759, 109 S.Ct. 2732, 105 L.Ed.2d 639 (1989)], the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See, e.g.*, [*Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)]; *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (C.A.5 2000).

Here, the Defendants had no objectively reasonable basis for seeking removal. Furthermore, Plaintiff's counsel twice notified Defendants that the removal was improper based on the forum defendant rule and gave Defendants the opportunity to withdraw their notice of removal prior to filing the instant motion for remand. Defendants ignored Plaintiff's legally sound request. Plaintiff is entitled to her reasonable fees and costs incurred in defending against the removal from state court.

The Court notes that Big Sky Adjusters, Inc. has a pending motion for summary

4

judgment. That matter should be returned for decision to the state court along with the rest of this case.

For all of the above reasons and good cause appearing therefore,

IT IS RECOMMENDED that the Plaintiff's motion to remand be GRANTED; and that Plaintiff be awarded her reasonable fees and costs under 28 U.S.C. § 1447(c).

IT IS FURTHER RECOMMENDED that should the District Court affirm these recommendations, this Court retain temporary and limited jurisdiction for the sole purpose of determining the appropriate amount of fees and costs to be awarded to the Plaintiff.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after receipt hereof, or objection is waived.

Done and dated this 10th day of November, 2010.

/s/ Richard W. Anderson
RICHARD W. ANDERSON
UNITED STATES MAGISTRATE JUDGE